UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STATE OF LOUISIANA**                                                **CIVIL ACTION**

**VERSUS**

**WILLIAM NELSON**                                                    **NO. 09-0743-RET-CN**

<u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, October 14, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**STATE OF LOUISIANA**                                           **CIVIL ACTION**

**VERSUS**

**WILLIAM NELSON**                                               **NO. 09-0743-RET-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on an application filed by a pro se petitioner wherein he seeks to remove a pending criminal matter from state to federal court. From his pleadings, it appears that the petitioner is facing trial in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, on a charge of cocaine distribution. The petitioner here contends that the district attorney for the 18th Judicial District, "pursues the instant indictment solely because defendant is an African American", routinely acts with disproportionate vigor and authority against African-Americans, and "has shown and continues to demonstrate a complete disregard for the laws, statutes and constitutions of Louisiana and the United States when they pursue African American defendants ...." Specifically, it appears that the petitioner complains that the district attorney continues to prosecute him notwithstanding that a principle witness against him has allegedly recanted, and that the district attorney has, instead, acted to arrest this witness in an effort to compel her testimony against the petitioner, an action that allegedly would not have been taken against a white witness in a case involving the prosecution of a white defendant. In addition, the petitioner has attached a transcript of a state court proceeding where he was apparently held in contempt for continuing to

address the trial judge after the judge repeatedly ordered him to communicate only through his attorneys. The petitioner contends that these actions reflect racial bias against him so as to violate his rights to due process and equal protection under the United States Constitution. He therefore seeks to remove his pending criminal matter from the state court where it is currently lodged and to transfer jurisdiction to this court.

Pursuant to 28 U.S.C. §§ 1443 and 1446, "criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States ...; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443.[1] The procedure for removing any criminal prosecution is delineated in 28 U.S.C. § 1446, which states, in pertinent part, that "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c).

---

[1] Removal under § 1443(2) is "limited to federal officers and those authorized to act for them or under them." Varney v. State, 446 F.2d 1368 (5th Cir. 1971), citing City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966)("hold[ing] that the second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights"). Accordingly, removal under § 1443(2) is unavailable to the petitioner in this action, and the Court is thus only concerned with whether the petitioner has properly removed this action pursuant to § 1443(1).

Under established law, the petitioner's removal petition must satisfy a two-pronged test. Johnson v. Mississippi, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). "First it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Robertson v. Ball, 534 F.2d 63 (5th Cir. 1976), quoting Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). The Johnson Court elaborated that, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under states not protecting against racial discrimination, will not suffice." Johnson v. Mississippi, supra. If the petitioner satisfies the first prong, the Court must then determine if the removal petitioner is denied or cannot enforce his federal rights in the state court. Id. "This provision normally requires that the 'denial be manifest in a formal expression of the state law' such as a state legislative or constitutional provision...." Id., quoting Georgia v. Rachel, supra. In order to minimize infringement upon the sovereignty of the state courts, the federal courts strictly construe the removal statute. See City of Greenwood v. Peacock, supra.

In the instant case, the petitioner has made no allegation that he has been denied a federal right arising under a specific law or statute protecting racial equality. Although he asserts that the state district attorney's office and state court judge have engaged in discriminatory practices against African Americans, such conclusory claims of civil rights violations, in the absence of an alleged statutory violation, are insufficient to remove an on-going state criminal prosecution to federal court. See Texas v. Gulf Water Benefaction Co., 679 F.2d 85 (5th Cir.

1982).  Further, the petitioner's claim that his prosecution in state court will violate his rights under the general provisions of 42 U.S.C. § 1983 or the Fourteenth Amendment is insufficient to support a removal under § 1443(1).  <u>Johnson v. Mississippi</u>, <u>supra</u>; <u>Georgia v. Rachel</u>, <u>supra</u>. Accordingly, it appears that the petitioner has not satisfied the first prong of the <u>Johnson</u> removal test.

Finally, and in addition, it is clear that the petitioner has also not satisfied the second prong of the removal test because he has not made reference to any formal expression of state law that would deny his ability to enforce his federal rights in the state court.  Accordingly, it is appropriate that the instant matter be summarily remanded to the state court pursuant to 28 U.S.C. § 1446(c).

<u>RECOMMENDATION</u>

It is recommended that this matter be summarily remanded to the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.

Signed in chambers in Baton Rouge, Louisiana, October 14, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**